## BARTLESVILLE MAUSOLEUM ASS'N et al. v. BRANN.

No. 16019—Opinion Filed Dec. 1, 1925.

**1. Appeal and Error—Depositions — Defective Notice—Record for Review.**

The statute requires that a party desiring to take depositions should serve notices of the taking upon every adverse party against whom the deposition is to be offered as evidence. A party complaining that such notice was not given to it should incorporate the notice with the service thereof into the record so the reviewing court may be advised as to the character of service of the notice.

**2. Trial—Instructions — Action on Account —Direction as to Undisputed Items and Submission of Disputed Items.**

Where the basis of plaintiff's action is an account composed of various items, it is not error for the trial court to give a direction to the jury upon such items as are not in dispute: and it is not error to submit to the jury items concerning which the testimony is conflicting.

**3. Judgment Sustained.**

Record held to support the judgment and to require that it be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by E. D. Brann against Bartlesville Mausoleum Association, a corporation, and Bartlesville Mausoleum Association, a copartnership composed of H. L. Bryant, C. E. Bryan, and Mrs. Frank C. Raub. From the judgment, defendants appeal. Affirmed.

H. H. Montgomery and S. J. Montgomery, for plaintiffs in error.

Norman Barker, for defendant in error.

Opinion by SHACKELFORD, C. The defendant in error will be designated herein as plaintiff, and plaintiffs in error as defendants, as they appeared in the trial court.

The defendant Bartlesville Mausoleum Association, a copartnership composed of H. L. Bryant, C. E. Bryan, and Mrs. Frank C. Raub, had constructed a mausoleum in the White Rose cemetery in the town of Bartlesville, Okla., and the same parties had

incorporated as the Bartlesville Mausoleum Association and owned the corporation. The said corporation and copartnership, by the individuals composing it, were offering for sale burial crypts and compartments. C. E. Bryan, one of the individual owners of the corporation, and one of the partners in the copartnership, employed the plaintiff, E. D. Brann, as agent of the said parties to offer for sale and sell such crypts and compartments, his compensation to be 15 per cent. of the sale price when a sale was made and an initial payment collected sufficient out of which to pay the commission. A misunderstanding arose as to the amount of commission earned and due to the agent. The agent, E. D. Brann, filed action in the district court of Washington county against both the copartnership and the corporation, setting up his contract of employment, and that under the contract he had earned $3,473,-75, all of which was due and payable, but the sum of $1,863.30 only had been paid, leaving a balance due and unpaid of $1,610.45, for which he prayed judgment against defendants, with interest at 6 per cent. per annum from the 1st of September, 1923. To the amended petition, on which the cause was tried, is attached a detailed statement of the sales and commissions earned, including a $40 item of expense, and also a detailed account of the items of commission paid. The Bartlesville Mausoleum Association, a corporation, answered separately the original petition. After the amended petition was filed both defendants answered together, adopting as their answer to the amended petition the corporation's answer to the original petition. The answer denies any indebtedness to plaintiff, but claims to have overpaid the commission earned and payable under the agreement. The answer puts in issue certain items of commission claimed on sales made to J. F. Craft, on which it is alleged half the commission is all that was to be paid; and the sale to Sarah Terk, on which only one-fourth commission was to be paid; and denies that any commission was earned upon sale to Brewer or to Alexander, as the plaintiff did not make the sales; and the sale to Allen, because the initial payment collected was not sufficient to pay the commission and the contract was conditional, not amounting to a sale; and the sale to Wm. Tayrien, because no payment was made; and the sale to Mrs. Lannon, because no initial payment had been made. The plaintiff replied by general denial.

The cause was tried to a jury, resulting in a verdict and judgment against both defendants in the sum of $1,350.45, with interest at 6 per cent. per annum from the 1st of September, 1923. The defendants appeal. Assignments of error are presented under the following propositions:

(1) The court erred in admitting incompetent testimony.

(2) The court erred in giving instructions Nos. 2, 3, and 4.

The first complaint is that the court erred in permitting the plaintiff to read to the jury the deposition of the plaintiff when no notice of taking the deposition had been given to Bartlesville Mausoleum Association, a copartnership, but was given only to the corporation by the same name. The defendant asserts that the record shows conclusively that no notice of taking the deposition was served upon the copartnership. The statement is based upon the fact that the name of the copartnership does not appear in the style of the case at the head of the deposition. The record does not disclose upon whom the service of the notice was had. The plaintiff's case was given No. 7899 in the district court of Washington county. The deposition shows that it was taken in the case numbered the same. The brief writer may know upon whom service of the notice was had, but the notice, with service thereof, is not incorporated into the record, so the court here is not advised as to whom the notice was served upon. The deposition was read to the jury without objection on the ground that there was no proper service of the notice of its taking. The defendant, copartnership, contented itself with a motion to strike the evidence of E. D. Brann, the deposing witness, on the ground that it was not served with notice of taking the deposition. The motion was overruled, and defendants insist that such ruling should reverse the judgment. We think such contention cannot be upheld upon the statement that the notice was not served upon the copartnership. If there was an irregularity about the service, the record should be made to show it. The record does seem to show that the owners of the corporation are the same persons composing the copartnership. It is difficult to understand how notice of the taking of the deposition could be served upon the corporation, without the copartnership being also advised that the deposition was going to be taken. We think as a rule that where a party desires to take a deposition, notice of such taking should be served upon every adverse party against whom the deposition is to be used. Where such service of notice has not been had, and a party not so served and against whom the deposition has been used desires to present the matter here, the record should be made to

show just what the character of service was, by incorporating the notice with service thereon into the record. If there was an infraction of the general rule in this case, it does not appear in the record, and if it had, it seems that the objection is extremely technical and would not justify a reversal. The plaintiff called as a witness C. E. Bryan, one of the copartners, and there is little or no dispute as between his testimony and that of the plaintiff as given in his deposition. Defendant called another of the copartners as a witness, and as between him and the plaintiff there is no wide divergence in their testimony. We think a reversal of the judgment would not be justified because the court refused to strike the testimony of the plaintiff.

Defendants complain of the second, third, and fourth paragraphs of the court's instructions. In the second paragraph the court advised the jury that plaintiff is entitled to commission on the Allen sale, one of the disputed items. It seems that the agreement made with Mrs. Allen was conditional in its nature and might have involved refunding to her the initial payment of $500 made by her. It seems that this was the situation at the time suit was filed, but at the trial it was admitted the contract had become final and binding and the commission was due. The direction given to the jury as to that item was correct.

Instruction No. 3 was a direction upon the Lannon item. The proof showed that Mrs. Lannon had made a contract for compartments amounting to $1,750 and an initial payment of $350 had been made. Defendants made some contention that the deal with Mrs. Lannon involves two contracts, one for herself and one for her sister, an incompetent. The evidence showed that as between Mrs. Lannon and defendants it was a single contract, and $350 had been paid. The initial payment entitled the plaintiff to his commission, and the direction was proper.

Instruction No. 4 submitted the Brewer item to the jury. There seemed to be some dispute as to who made the contract with Brewer. The plaintiff claimed the commission on the deal, and C. E. Bryan, one of the copartners and part owner of the corporation, testified that he approved the claim for the commission. The evidence was conflicting, and it was not error to submit the item to the jury.

The amount claimed by plaintiff in his petition is $1,610.45. In the trial one of the disputed items of commission, amounting to $202.50, was abandoned by plaintiff.

115-4

This reduced the amount to $1,407.95. The jury further reduced the amount by $57.50 and returned a verdict for $1,350.45, with interest. The verdict and judgment entered thereon are supported by the record. No reversible error appears. The judgment is affirmed.

The defendants gave a supersedeas bond in the sum of $3,000, pending termination of the appeal, with R. F. Houghton and V. S. Douglass as sureties thereon. The defendant in error moves for judgment against the sureties upon the supersedeas bond upon an affirmance of the judgment. It appears that defendant in error is entitled to judgment against said sureties. The judgment of the trial court was for the sum of $1,416.85, principal debt and interest at the time of the trial, and provided that the judgment should thereafter bear interest at the rate of 6 per cent. per annum. The judgment was rendered on June 26, 1924.

Wherefore, it is ordered and adjudged that defendant in error, the said E. D. Brann, do have and recover of and from the said R. F. Houghton and V. S. Douglass, sureties on the said supersedeas bond, the sum of $1,416.85, with interest at the rate of 6 per cent. per annum from and after the 26th day of June, 1924; and the costs of the action, including costs of the appeal, if any paid by defendant in error; for all of which let execution issue.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 150, § 1762 (Anno) ; 18 C. J. p. 660, § 147. (2) 1 C. J. p. 668, § 206 (Anno.) (3) 4. C. J. p. 1129, § 3122.